IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCOS A. OLGUIN,** | CIVIL NO. 1:12-CV-0003 |
| **Plaintiff** | (Judge Rambo) |
| v. | (Magistrate Judge Carlson) |
| **BURGERHOFF, Paramedic Nurse; KABONICK, Paramedic; DR. REYNOLDS; L. VEGA, Surgical Assistant; C. SCHAFFER, Surgical Assistant; and J. McDONALD, Institutional Correctional Counselor,** | |
| **Defendants** | |

# MEMORANDUM

## I.   Background

Before the court is an April 10, 2012 report and recommendation of the magistrate judge (doc. 22) to whom this matter was referred. Plaintiff filed a *pro se* complaint in which he alleges that a treating physician at Wayne Memorial Hospital, Dr. Reynolds, other hospital staff, and prison staff, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution by displaying deliberate indifference to his serious medical needs. The instant report and recommendation addresses Dr. Reynolds' motion to dismiss.

The magistrate judge addressed the motion to dismiss from two approaches: (1) that Plaintiff failed to comply with this court's Standing Practice Order, and (2) substantively Plaintiff has failed to state a cause of action against Dr. Reynolds. No objections have been filed.

**II.        Discussion**

    **A.  Standing Practice Order Violations**

The court's Standing Practice Order informs *pro se* litigants of their responsibility to respond to defense motions and of the consequences which would flow from a failure to comply with the briefing schedule. It is also explicitly informs a *pro se* litigant to keep the court informed of their current address.

On April 4, 2012, a scheduling order (doc. 20) mailed to Plaintiff was returned to the court as undeliverable.[1] A search of the Federal Bureau of Prisons and state prison records reveal no prisoner named Marcos Olguin is housed in these prison systems.[2] No response to the motion to dismiss has been filed.

The magistrate judge very thoroughly addressed granting the motion to dismiss pursuant to Middle District Local Rules 83.18 and 7.6 and pursuant to the standards set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). After consideration of the magistrate judge's reasoning, this court will adopt the report and recommendation as to this recommendation.

    **B.  Dismissal on the Merits**

The magistrate judge very thoroughly examined what constitutes the legal sufficiency of a complaint and found the complaint lacking. The magistrate judge found that Plaintiff failed to establish that Dr. Reynolds' medical treatment arose to a "deliberate indifference" to a serious medical need. He found that, at most, there was a difference of opinion as to what medical treatment plan was appropriate.

---

[1] The copies of the Report and Recommendation (doc. 22) and the magistrate judge's order of April 27, 2012 (doc. 33) that were mailed to Plaintiff were likewise returned marked "Undeliverable."

[2] The Federal Bureau of Prisons' records reflect that Olguin was released from BOP custody on March 7, 2012.

This fails to meet the deliberate indifference standard.  (*See* doc. 22 at p. 22.)  This court agrees.

**III.**     <u>**Conclusion**</u>

For the reasons stated above, the report and recommendation of Magistrate Judge Carlson will be granted.  An appropriate order will be issued.

   s/Sylvia H. Rambo   
United States District Judge

Dated:  May 4, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCOS A. OLGUIN,** | **CIVIL NO. 1:12-CV-0003** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | **(Magistrate Judge Carlson)** |
| **BURGERHOFF, Paramedic Nurse;** **KABONICK, Paramedic;** **DR. REYNOLDS;** **L. VEGA, Surgical Assistant;** **C. SCHAFFER, Surgical Assistant;** **and J. McDONALD, Institutional** **Correctional Counselor,** | |
| **Defendants** | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) the court adopts the report and recommendation of Magistrate Judge Carlson (doc. 22).

2) The motion to dismiss filed by Dr. Reynolds (doc. 17) is granted

    a) for Plaintiff's failure to comply with Middle District Local Rules 7.6 and 83.18 or, in the alternative

    b) for failure to state an Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Reynolds.

3) The Clerk of Court shall remove Dr. Reynolds' name from the caption of this action.

4) This matter is remanded to Magistrate Judge Carlson.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: May 4, 2012.